■ BARBARA BAKER, Respondent, v GRAMPARK CORPORATION, INC., et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered on November 4, 1988, and the order and judgment (one paper) of said court, entered on November 22, 1988, which, inter alia, granted plaintiff's motion for partial summary judgment on the first cause of action of the verified complaint; declared that plaintiff is, and since November 1, 1984, has been the lawful owner of 4,100 shares of stock of defendant Grampark Corporation, Inc. allocated to apartments 2F, 2R and 1R at One Gramercy Park, New York, and is, and since November 1, 1984, has been entitled to serve on the board of directors thereof; denied defendants' cross motion for partial summary judgment, and which directed the parties to "take such actions as are neces-

sary to comply with subparagraph 6 (d) (ii) of the proprietary leases of Grampark Corporation, Inc. to formalize plaintiff Barbara Baker's ownership" of the apartments in question, unanimously affirmed, with costs.

In this action by plaintiff, the ex-wife of David Mulford, the former owner of 4,100 shares of stock of the cooperative corporation, defendant Grampark Corporation, Inc., allocated to apartments 2F, 2R and 1R in the premises known as and located at One Gramercy Park, New York, sought a declaration that plaintiff was, as assignee/transferee thereof, now the lawful owner of the shares of stock and rightful assignee of the proprietary leases pertaining thereto, the court below properly determined that by reason of a "spousal exception" set forth in paragraph 6 of the proprietary lease, the board of directors' consent to the aforementioned transfer was not required because the plaintiff acquired her ownership interest while she was still married to the assignor, David Mulford.

Moreover, contrary to defendants' assertions, the record reveals that plaintiff has, in fact, complied with the requirements of paragraph 6 of the proprietary lease so as to properly effectuate the transfer.

Finally, the defendants were not denied due process by the court's acceptance of plaintiff's reply affidavits, which were timely served and therefore properly considered, both pursuant to CPLR 2214 (b) and the stipulation of the parties extending the return date of the motion and the cross motion. Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.